# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| APRIL COKER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| | ) |
| STALLIONS AUTO SALES, LLC, | ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, and complains against Defendant, as follows:

### INTRODUCTION

April Coker purchased a 2004 Chrysler Pacifica from Stallion Auto Sales. As part of the sale, Stallions promised to replace the motor mounts. Within 8 days of taking delivery, a strut exploded and pierced the hood of the vehicle. Coker, through counsel, made demand upon Stallion to repair, at its expense, the defective vehicle and when Stallion refused, Coker made demand for a full revocation of acceptance, to which Stallion agreed in writing. However, after taking redelivery of the vehicle, Stallion shorted Coker $500 of the agreed amount.

This suit is for violations of the Truth in Lending Act, for breach of contract and for conversion.

### JURISDICTION

1. This Court has jurisdiction of the claim in Count I under and by virtue of 15 U.S.C. §1601, et seq., *Truth in Lending Act* (hereinafter referred to as "the Act").

2. At all times relevant hereto, the Defendant was acting as a creditor within the meaning of said term pursuant to the Act, 15 U.S.C. §1602(f), in that it regularly extended or offered to extend consumer credit for which a finance charge is or was imposed or for which four or more installments were due.

3. Plaintiff is over the age of nineteen years and is a resident citizen of Shelby County, Alabama. Defendant is a limited liability corporation engaged in the business of selling automobiles in Shelby County, Alabama.

## COUNT I
(Truth in Lending Act - 15 U.S.C. §1601, *et seq.*)

4. Plaintiff entered into a retail consumer credit contract on or about February 14, 2013, for the purchase of a 2004 Chrysler Pacifica. A true and correct copy of the contract document titled "Bill of Sale" is attached hereto and incorporated by reference as Exhibit "A".

5. Attached hereto and incorporated as Exhibit B is what was given to Plaintiff as the Truth in Lending disclosure along with payment schedule.

6. In Exhibit B, Defendant disclosed there was no Finance Charge and the Annual Percentage Rate was Zero.

7. The Defendant violated the Act in connection with this consumer credit transaction as follows:

    a. The amount of the Finance Charge was not accurately

        disclosed as required by 15 U.S.C. §1638 and Regulation Z §226.18;

    b.    The Annual Percentage Rate was not accurately disclosed to the Plaintiff in violation of 15 U.S.C. §1638, and Regulation Z §226.18;

    c.    The Amount Financed was not fully disclosed as required by 15 U.S.C. §1638, and Regulation Z §226.18;

    d.    The Defendant failed to make the required disclosures prior to the consummation of the contract in violation of 15 U.S.C. §1638(b), and Regulation Z §226.17(b);

    e.    The Defendant failed to make the required disclosures in violation of 15 U.S.C. §1632(a) and Regulation Z §226.17(a).

8.    Plaintiff avers that the Retail Value for a similar vehicle in Excellent Condition at the time of purchase, according to the Kelly Blue Book, was $5,669.00.

9.    Plaintiff avers that the difference between the Kelly Blue Book value and the Sale Price of $12,600.00, being $6,931 was the Finance Charge imposed upon her but not disclosed, and constitutes actual damages.

10.    Plaintiff further avers that she detrimentally relied upon the representations of the Defendant that no Finance charge was being assessed against her.

WHEREFORE, Plaintiff demands judgment against the Defendant for actual damages of at least $6,931.00, plus statutory damages in the amount of twice the Finance Charge but no less than $200 and no greater than $2,000.00, plus a

reasonable attorney fee as required by the Act and controlling Eleventh Circuit case law, plus costs of court.

# COUNT II
Breach of Contract

11. After accepting delivery of the Pacifica, of which Defendant had promised to repair the motor mounts as a condition of sale and before such repairs could be effected, a front strut exploded causing damage to the vehicle.

12. Plaintiff made demand that for full repairs caused by the defect that came with the vehicle. After Defendant failed to offer adequate cure, Plaintiff through counsel revoked acceptance by letter attached hereto as Exhibit C, and the Defendant through counsel (Exhibit D) agreed in writing that a full refund would be made at the time of delivery by Plaintiff.

13. Pursuant to *Code of Alabama,* §7-2A-608, §7-2A-711(1) & (3), Plaintiff effected a revocation of acceptance and cancellation of the contract, and retained by operation of law a security interest in the vehicle for full refund of all monies paid to Defendant.

14. Plaintiff avers that Defendant breached the settlement agreement by taking back the vehicle without fully refunding all amounts owed to Plaintiff, in the principal amount of $500.00.

WHEREFORE, premises considered, Plaintiff demand sjudgment against Defendant for $500.00 in compensatory damages, plus costs.

### COUNT THREE
Conversion

15. Plaintiff incorporates by reference the allegations set forth in Paragraphs 11 through 14 as if here again set forth.

16. Plaintiff avers that because Defendant took possession without fulfilling its duties under the UCC to effect a full refund, that Defendant committed the act of conversion of the goods in which Plaintiff held a security interest by operation of law. See *Cole v. First Bank of Tuskaloosa, 485 So. 2d 717; 1986 Ala. LEXIS 3457*.

17. Plaintiff avers that the conversion committed by Defendant was willful and Plaintiff demands punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, premises considered, Plaintiff demands judgment for compensatory and punitive damages in an amount to be determined by the trier of fact, plus costs of court.

**PLAINTIFF DEMANDS A JURY TRIAL**

/s A. Wilson Webb (ASB-6009-B61A)
Attorney for Plaintiff
P.O. Box 130993
Birmingham, AL 35213
(256) 543-0150
Fax 888-705-9273
Court email: awilsonwebb@gmail.com

Stallions Auto Sales, LLC c/o
ISAM HUNEIDI, Member
2025 VALLEYDALE RD
BIRMINGHAM, AL 35244

```
                              BILL OF SALE
           SELLER             ------------              BUYER(S)
--------------------------------  |  --------------------------------
STALLIONS AUTO SALES, LLC         |  APRIL COKER
2025 VALLEYDALE RD                |  CURTIS COKER
BIRMINGHAM, AL 35244              |  25 COUNTY RD 1027
205-733-0000                      |  CLANTON, AL 35046
                                  |  County: CHILTON
     Date:  2/14/13               |  Home Phone: 205-955-2851
Salesman:                         |  Work Phone:
                                  |
                                  |
   DESCRIPTION OF VEHICLE SOLD    |    DESCRIPTION OF TRADE-IN
--------------------------------  |  --------------------------------
Stock #: 123490    Year: 04       |    N/A
Make: CHRYSLER    Model: PACIFICA |  Body Type:
Body Type: 4DR    Color: GOLD     |  Tag:         Mileage:
Tag:              Mileage: 40950  |  VIN:
VIN: 2C8GM68454R370108            |
                                  |            SETTLEMENT
     INSURANCE INFORMATION        |  --------------------------------
--------------------------------  |              Price:    12,600.00
                                  |  Less Trade Allowance:       N/A
Policy #:                         |                        ----------
Agent:                            |         Difference:    12,600.00
Phone:                            |  Payoff on Trade-in:         N/A
                                  |  Sales tax at 3.375%:      441.62
         LIEN HOLDER              |      Processing Fees:      485.00
--------------------------------  |          Title Fee:         15.00
STALLIONS AUTO SALES, LLC         |
2025 VALLEYDALE RD                |
BIRMINGHAM, AL 35244              |
                                  |                        ----------
                                  |              TOTAL:    13,541.62
    TAX         2.000%   261.70   |  Less Cash Down Payment: 1,500.00
JURISDICTION    1.000%   130.85   |  Deferred Down Payment:    300.00
  BREAKDOWN     0.375%    49.07   |                        ----------
                0.000%     0.00   |  BALANCE REMAINING:    11,741.62
==================================================================
Purchaser hereby declares that he/she is of legal age to transact business
and that no unfair inducement has been made by seller. This order is not
binding until accepted by both buyer and seller. The information you see
on the window form for this vehicle is part of this contract. Information
in the window form overrides any contrary provisions in the contract of
sale. NOTICE: Penalty of $15 due if vehicle is not registered in the name
of the new owner within 20 calendar days.

        Buyer(s):   [signature: April Coker]           2/14/13
                    APRIL COKER

                    [signature: Curtis Coker]          2/14/13
                    CURTIS COKER

        Seller:     [signature]                        2/14/13
                    STALLIONS AUTO SALES, LLC
```

| CONTRACT DATE: | 2/14/13 | PRECOMPUTED RETAIL INSTALLMENT CONTRACT | | FZ-AL-RIC-PC |
|---|---|---|---|---|

| Buyer(s) | | Seller | | |
|---|---|---|---|---|
| APRIL COKER | | STALLIONS AUTO SALES, LLC | | |
| Street (Residence) | | Street (Business) | | |
| 25 COUNTY RD 1027 | | 2025 VALLEYDALE RD | | |
| City | County | State | Zip Code | City | County | State | Zip Code |
| CLANTON | CHILTON | AL | 35046 | BIRMINGHAM | Shelby | AL | 35244 |

Location of vehicle if other than Buyer's residence: Street ___ City ___ County ___ State ___ Zip Code ___

In this contract, "you" and "your" refer to the Buyer or Buyers signing below. "Seller," "we," and "us" refer to the seller shown above. "Holder" is the Seller, or, if this contract has been assigned, the party who has been assigned this contract. "Vehicle" refers to the vehicle described below. "Buyer," "you" and "your" shall include the plural. You promise to pay to the order of the Holder (at its office or at such other place as the Holder may designate and instruct you) the TOTAL OF PAYMENTS (see below) as outlined in the schedule of payments below.

| New/Used | Year | Make | Model | Vehicle Identification Number | Mileage |
|---|---|---|---|---|---|
| USED | 2004 | CHRYSLER | PACIFICA | 2C8GM68454R370108 | 40950 |

Description of Trade-In(s): N/A

### FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>THE COST OF YOUR CREDIT AS A YEARLY RATE. | FINANCE CHARGE<br>THE DOLLAR AMOUNT THE CREDIT WILL COST YOU. | AMOUNT FINANCED<br>THE AMOUNT OF CREDIT PROVIDED TO YOU OR ON YOUR BEHALF | TOTAL OF PAYMENTS<br>THE AMOUNT YOU WILL HAVE PAID AFTER YOU HAVE MADE ALL PAYMENTS AS SCHEDULED. | TOTAL SALE PRICE<br>THE TOTAL COST OF YOUR PURCHASE ON CREDIT, INCLUDING YOUR DOWN PAYMENT OF $ 1,800.00 IS |
|---|---|---|---|---|
| 0.00 % | $ 0.00 | $ 11,741.62 | $ 12,041.62 | $ 13,541.62 |

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 36 | $ 325.00 | MONTHLY beginning March 14, 2013 |
| 1 | $ 41.62 | March 14, 2016 |

Plus 1 deferred down payments of $ 300.00 each, on 2/28/13

**Late Charge:** If payment is not received in full within 10 days after it is due, you will pay a late charge in the amount of 5% of the scheduled payment in default, not less than $18 and not to exceed $100.
**Prepayment:** If you pay off all your debt early, you may be entitled to a refund of part of the finance charge.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, our right to accelerate the maturity of this obligation, any required repayment in full before the scheduled date, prepayment refunds and penalties, and our security interest.

**INSURANCE:** CREDIT LIFE INSURANCE AND CREDIT DISABILITY INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST. WE MAY RETAIN OR RECEIVE A PORTION OF THIS AMOUNT.

| TYPE OF CREDIT INSURANCE | COST FOR THE ORIGINAL TERM | CHOICE OF COVERAGE AS SPECIFIED IS ACKNOWLEDGED BY BUYER'S SIGNATURE |
|---|---|---|
| ☐ CREDIT LIFE<br>☐ CREDIT DISABILITY | $ N/A | SIGNATURE ___ DATE OF BIRTH ___ |

COMPREHENSIVE AND COLLISION INSURANCE IS REQUIRED: You may obtain or provide through an existing policy, or a policy you independently obtain and pay for, the required insurance through any duly licensed agent or broker, subject to our right to refuse to accept an insurer you offer for reasonable cause.
LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT PROVIDED UNDER THIS CONTRACT.

HOW THIS CONTRACT CAN BE CHANGED. This contract and the related documents that you sign contemporaneously with this contract contain the entire agreement between you and us relating to the sale and financing of the motor vehicle. Any change to this contract must be in writing and we must sign it. If any part of this contract is not valid, all other parts stay valid.

Buyer Signs _April Coker/Curtis Coker_   Buyer Signs ___

### NOTICE TO BUYER

Do not sign this before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.
This contract consists of three pages, be sure to initial pages two and three as indicated.
Signed, sealed and delivered by the Buyer, who hereby acknowledges receipt of a completed copy of this contract.
CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Buyer Signs X _April Coker/Curtis C_ Date 2/14/2013   Buyer Signs X ___ N/A ___ Date ___

Buyers and Other Owners - A buyer is a person who is responsible for paying the entire debt. An "other owner" is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X ___ Date ___ Address ___

Seller Signs ___ Date 2/14/2013   By X ___ Title Mgr

**ASSIGNMENT:** By signing below, Seller hereby sells and assigns all right, title and interest in this contract to ___ ("Assignee") in accordance with and under the terms and conditions of a separate agreement between Seller and Assignee.

☐ Assigned with recourse   ☐ Assigned without recourse   ☐ Assigned with limited recourse

Seller ___ By ___ Title ___

Page 1 of 3 (of document 74422)

FZ-AL-RIC-PC 11/12   PreComputed Interest Retail Installment Sales Contract   © 2012 Frazer Computing, Inc.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**PREPAYMENT OF THE WHOLE CONTRACT:** In the event of voluntary prepayment in full, refund of the finance charge will be based on the   Rule of 78's   method. If the indebtedness under this contract becomes due by reason of Holder's exercise of its right of acceleration, you are entitled to a refund of part of the finance charge using the   Rule of 78's   method.

**INSURANCE YOU MUST HAVE ON THE VEHICLE.** Property insurance is required. You may obtain such insurance for the vehicle from any insurer you choose authorized to do business in Alabama and through any person you choose. **You will provide fire, theft, comprehensive and collision or upset coverage in the amount of the vehicle's actual cash value less a maximum deductible of $500.** Each policy insuring the vehicle will be payable to both you and us as our interests may appear. You will furnish us satisfactory evidence of insurance. Each policy you get will provide that the insurance company will give us at least 10 days' written notice before the policy is canceled. If you fail to obtain or provide proof of the insurance described above, or if you fail to pay any insurance premium, we may, at our option, obtain insurance coverage at your expense for our interest only. Insurance we buy will not cover your equity or your interest in the vehicle. Any coverage we buy will not include insurance on liability for bodily injury or property damage for damage done to property other than the vehicle, and will not meet the requirement for proof of financial responsibility under Alabama law. Insurance we buy at your expense may protect our interest in the vehicle for the outstanding contract balance. Any amounts we pay will be added to the amount due under this contract. The charge for the insurance will be the premium of the insurance and a finance charge equal to the Annual Percentage Rate shown in this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, at our option, we can use the insurance proceeds to replace or repair it or to repay any amounts you owe under this contract. The charges for insurance we obtain may be substantially higher than charges you would pay if you bought the insurance you are required by this contract to have on the vehicle yourself. You may obtain your own insurance at any time through any insurance company of your choice, unless we, for good cause, refuse to accept it. We will cancel any insurance we may have placed upon receipt of evidence of your having acceptable insurance in effect.

You will deliver to us an insurance policy meeting the requirements in this paragraph to be issued by

_____
Insurance Company

_____
Agent

If we finance such insurance, the following applies:

Name of Insurer: ___N/A_____

Term of Insurance: ___N/A_____

Premium: ___N/A___ (include in Item 4 of the Itemization of Amount Financed)

X_____ (Buyer)

X_____ (Buyer)

**ITEMIZATION OF AMOUNT FINANCED**

(1) CASH PRICE
- a. Vehicle ........................................ 12,600.00
- b. Sales Tax ..................................... 441.62

   CASH PRICE [(a)+(b)] ........................ 13,041.62 (1)

(2) DOWN PAYMENT
- c. Cash Down payment ......................... 1,500.00
- d. Deferred Down payment** ................. 300.00
- e. Net Trade In Allowance
   - Gross Trade In ............................... N/A
   - Less Payoff .................................... N/A
   - Net Trade In .................................. 0.00

   TOTAL DOWN PAYMENT [(c)+(d)+(e)] ... 1,800.00 (2)
   If Total Down Payment is negative enter $0.00 and insert that amount on 4.(o)

(3) **UNPAID CASH PRICE** [(1)-(2)] ............ 11,241.62 (3)

(4) OTHER CHARGES INCLUDING AMOUNTS PAID TO OTHERS ON YOUR BEHALF
- f. Official Fees to Government Agencies
   Title Fee ........................................... 15.00
- g. To  N/A
   for Extended Service Contract* ......... N/A
- h. To Insurance Company for Credit Life Premium* ... N/A
- i. To Insurance Company for Credit Disability Premium* ... N/A
- j. To  N/A
   for Debt Cancellation Agreement* ..... N/A
- k. To Seller for Dealer Service Fee ........ 485.00
- l. N/A ............................................... N/A
- m. N/A ............................................. N/A
- n. N/A ............................................. N/A
- o. N/A ............................................. N/A

   TOTAL PAID TO OTHERS [(f)+(g)+(h)+(i)+(j)+(k)+(l)+(m)+(n)+(o)] ... 500.00 (4)

(5) **TOTAL AMOUNT FINANCED** [(3)+(4)] ... 11,741.62 (5)

*Dealer May Retain A Portion of These Amounts

** You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

**DEBT CANCELLATION AGREEMENT ("GAP").** A debt cancellation, or "GAP" agreement is **not** required to obtain credit. Please sign below if you wish to buy a debt cancellation agreement. Type/Name of Provider of Debt Cancellation Agreement: ___N/A_____

Initial Term: ___N/A___   Fee for Initial Term: ___N/A___

☐ If this box is checked, the following also applies: the initial term of coverage for the Debt Cancellation Agreement, the cost of which is shown above and in item 4j of the Itemization of Amount Financed, is less than the term of your contract. The term of the Debt Cancellation Agreement is _____.

By signing below, you acknowledge that you have been provided with a copy of the Debt Cancellation Agreement, that you agree to its terms and that you wish to purchase it.

_____         _____
Signature of Buyer Requesting Coverage           Date

_____         _____
Signature of Buyer Requesting Coverage           Date

Initials  _KC CG_ / _N/A_ /  _____   Page 2 of 3 (of document 74422)
          Buyer  CoBuyer  Seller

FZ-AL-RIC-PC 11/12     PreComputed Interest Retail Installment Sales Contract     © 2012 Frazer Computing, Inc.

## ADDITIONAL TERMS AND CONDITIONS

**OWNERSHIP AND RISK OF LOSS.** You agree to pay us all amounts owed under this contract, regardless of whether the vehicle is damaged, destroyed or missing. You agree not to transfer any interest in the vehicle or this contract without our written permission. You agree to keep the vehicle in good order and repair, allowing for ordinary wear and tear. You will make sure our security interest on the vehicle is shown on the title. If we pay any repairs, storage, taxes, fines or other charges, you agree to repay us.

**SECURITY INTEREST.** You give us a security interest in the vehicle; any accessories, equipment, modifications, or replacement parts installed in the vehicle; any insurance premiums and charges for service contracts returned to us; and any proceeds of service contracts or insurance policies on your life or health which are financed in this contract. This security interest covers all amounts you owe, and any transfers, changes, or other agreements to this contract.

**DEFAULT.** Any of the following events will be considered a default: your failure to pay any installment when due; your failure to perform or breach of any section of this contract; any misstatement or misrepresentation by you relied on by us; you become insolvent; any judgment is entered against you; the vehicle is transferred without our written consent, or seized under any legal process. If you breach this contract, we can accelerate your payments and demand full and immediate payment of the remaining amount due; repossess the vehicle; take any reasonable measures to correct the default, or save us from loss; or pursue any other remedy permitted by law in recovering the full remaining amount due. You will pay the costs and expenses of these measures. If we accelerate the contract, we will give you a refund of part of the Finance Charge, using the Rule of 78's method.

**REPOSSESSION.** If you are in default, we may take the vehicle from you if we may do so without a breach of the peace. We may repossess the vehicle by any means including entering your property, or the property where it is stored. Personal property found in the vehicle may be returned to you provided that you identify such property to us within 48 hours of repossession. However, we will keep any vehicle accessories, equipment, modifications, or replacement parts.

**RETURN OF THE VEHICLE TO YOU.** If we repossess the vehicle you have the right to get it back. To do so, you must pay the entire remaining amount owed on the contract, plus any late charges, and costs of repossession we incurred. In determining the entire amount you owe, we will give you a refund of part of the Finance Charge, using the Rule of 78's method. Your right to the return of the vehicle will end if and when the vehicle is re-sold.

**RE-SALE OF VEHICLE.** Once your vehicle has been repossessed, we will send you notice of the re-sale at least 10 days in advance. Once your vehicle is sold, the proceeds will be credited to your account. Any surplus after applying the proceeds to your account will be returned to you unless we are required by law to pay the proceeds to another person. You must pay any deficiency in your account after the proceeds of sale are applied. Any deficiency that you do not satisfy upon our demand will bear interest at the maximum rate allowed by law.

**GOVERNING LAW.** This contract shall be subject to federal and Alabama law.

**WHO IS BOUND.** This contract is binding upon the parties, their heirs, executors, personal representatives, and/or successors and assigns.

**JOINT LIABILITY.** All persons who sign this contract as Buyers are jointly and severally liable. We may enforce or release our rights entirely with respect to one Buyer without affecting our rights as to any other Buyer.

**COLLECTION COSTS.** If you are in default and we demand full payment, you agree to pay us interest on the amount you owe at the rate shown in this contract. If the original amount financed by this contract exceeds $300, and an event of default occurs, after the default we may refer the contract to an attorney who is not a salaried employee of us and you will be responsible for the reasonable attorney's fees, which will not exceed 15% of the unpaid debt after default. You will also pay all collection costs that are permitted by law and all court costs associated with the collection.

**NO WAIVER.** We can delay or refrain from enforcing any of our rights under this contract without losing them.

**INTERPRETATION.** If for any reason any section of this contract is deemed invalid, all other sections will remain enforceable.

**RETURNED CHECK CHARGE.** You agree to pay a charge of the greater of either thirty dollars ($30) or an amount equal to the actual charge by the depository institution for the return of unpaid or dishonored checks. "Check" includes a bank check, credit union share draft or any other instrument that you use to make any payment under this contract.

**WARRANTIES SELLER DISCLAIMS.** Unless we make a written warranty or enter into a service contract within 90 days from the date of this contract, we make no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose. This provision does not affect any warranties covering the vehicle that the manufacturer may offer.

**ACKNOWLEDGEMENT OF PURCHASE OF VEHICLE CONTAINING PAST DUE STARTER INTERRUPT AS CONDITION OF SALE.** You understand that there may be a payment guarantee device installed on the vehicle as a condition of sale. You understand that if you do not make all payments as required under this contract, **THIS DEVICE WILL PREVENT THE VEHICLE FROM BEING STARTED.** You agree to sign all disclosure forms describing the device, and further understand and agree that these forms are a part of this Contract and are incorporated herein as though fully set forth.

**ACKNOWLEDGEMENT OF PURCHASE OF VEHICLE CONTAINING ELECTRONIC TRACKING DEVICE.** If your vehicle has an electronic tracking device, you agree that we may use this device to find the vehicle.

**USED CAR BUYERS GUIDE:** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

Initials AC [Buyer]  CG [CoBuyer]  N/A / ___ [Seller]   Page 3 of 3 (of document 74422)

FZ-AL-RIC-PC 11/12    PreComputed Interest Retail Installment Sales Contract    © 2012 Frazer Computing, Inc.

Exhibit C

# WILSON WEBB
Attorney at Law

(205) 202-5896  
Fax (888) 705-9273

http://attorneywebb.com  
wilson@attorneywebb.com

205 Twentieth Street North, Suite 927  
Birmingham, AL 35203

924 Third Avenue  
Gadsden, AL 35901

March 2, 2013

By Fax and by Mail

Stallions Auto Sales, LLC  
2205 Valleydale Road  
Birmingham, AL 35244

Re:  April Coker & Curtis Coker, Stallions Auto Sales Acct #9105  
     2004 Chrysler Pacifica, Sale date February 14, 2013

     Cancellation [Revocation of acceptance] of Sales contract due to substantial hidden defects which Stallions has refused to correct at its expense.

Sirs:

      I have been retained by the Cokers to provide notice and demand and, if necessary, to prosecute your compliance with the Alabama *Uniform Commercial Code* to effect cancellation of the sales contract due to undiscovered, substantial defects, in the vehicle which substantially impairs the value of the vehicle to the Cokers, and which you have refused to completely repair. Prior to execution of the sales contract and acceptance of delivery, your staff disclosed and stated that the "motor mounts" would be replaced at your expense. In reliance upon this statement, the Cokers executed the contract and took delivery. Thereafter, within 8 days of accepting the Pacifica, the vehicle experienced a complete failure of the right front strut, causing further damage by the piercing of the hood. Although as of March 1, 2013, your staff has accepted responsibility for repairing the failed strut, you have refused to make the Cokers whole by refusing to pay for the damage caused by the failed strut, i.e., replacement or repair of the pierced hood and replacement of the corresponding front left strut. Because Stallions has refused to comply with the UCC, the Cokers have the right, and hereby exercise that right, to cancel the entire purchase contract and demand refund of all monies paid.

      Be advised this is Not a warranty claim, but a *Revocation of Acceptance*. Revocation of Acceptance deals only with defects that came with, but were not discovered until a reasonable time (within one (1) year of delivery). Further distinguishable from a Warranty claim is that the *Uniform Commercial Code*, at *§7-6-208, Code of Alabama*, provides statutory protection to Buyers via a Security Interest securing refund of monies paid for defective products. The Cokers have, <u>by operation of law</u>, a security interest in the vehicle securing return of the total amounts paid, plus expenses in handling and inspecting the car. Any attempt by Stallions Auto Sales, LLC to take possession of the vehicle will be wrongful and will subject Stallions to liability for Conversion, a cause of action which provides for compensatory and punitive damages. See *Cole v. First National Bank of Tuskaloosa*, 485 So. 2d 717; 1986 Ala. LEXIS 3457.

      Unless immediate payment is refunded to the Cokers, care of my Birmingham office,

Coker letter to Stallions Auto Sales, LLC
page 2

they will have no choice but to file suit for such refund. If a refund is made (and clears) within 10 days, the Pacifica vehicle will be released to Stallions' care, custody and control.

Your cooperation in this matter would be greatly appreciated.

Sincerely,

Wilson Webb
Attorney for Cokers

Case 2:14-cv-00279-JHE   Document 1   Filed 02/14/14   Page 13 of 13

Exhibit D

**Subject:** Stallions Auto Sales
**From:** Guy McCombs <mclaw06@gmail.com>
**Date:** 4/2/2013 2:01 PM
**To:** wilsonwebb@gmail.com

Wilson,
Enjoyed talking with you yesterday.  After sleeping on it, my client called this morning and said they would refund the money if they drove the car back to the car lot.  They do not have disabling switches.  He will have a certified check to give to your client as soon as they arrive there.  Thanks,
Guy