# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| APRIL COKER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:14-cv-00279-JHE |
| ) | |
| ) | |
| STALLIONS AUTO SALES, LLC, ) | |
|     Defendant. ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, and amends her complaint, adding claims pursuant to the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32701 et seq, and further claims and alleges as follows:

## INTRODUCTION

This action arises out of the pattern and practice by the Defendant to engage in the illegal, fraudulent and deceptive business practice of false advertising, falsification of official title documents, misrepresentation of interest charged in the financing of automobiles, as discussed below. Defendant has preyed on innocent,

unwary consumers and make huge profits from its illegal practices.    Plaintiff requests this court put an end to these deceptive and illegal practices.

## SUMMARY OF FACTUAL ALLEGATIONS

In February of 2013, Ms. April Coker purchased a 2004 Chrysler Pacifica from Stallion Auto Sales.    Stallion represented to Coker that the vehicle had been driven less than 50,000 miles, although the vehicle's title indicated it had nearly 180,000 miles at the time of its purchase by Stallions in late 2012.  As part of the sale, Stallions promised to replace the motor mounts. Within 8 days of taking delivery, a strut exploded, and pierced the hood of the vehicle.  Coker, through counsel, made demand upon Stallion to repair, at its expense, the defective vehicle.  When Stallion refused the demand, Coker made demand for a full revocation of acceptance, to which Stallion agreed in writing.  However, after taking redelivery of the vehicle, Stallion shorted Coker $500 of the agreed amount.   Defendant later resold the vehicle to a non-party, to whom defendant failed to disclose Coker's purchase of the vehicle on federally mandated vehicle title documents, and defendant further hid and suppressed the prior sale of the vehicle to the Plaintiff, as well as Plaintiff's claims thereunder.

This suit is for violations of the Truth in Lending Act, the Motor Vehicle Information and Cost Savings Act, fraud, negligence and wantonness, breach of

contract and for conversion.

## JURISDICTION

1.    This Court has jurisdiction of the claim in Count I under and by virtue of 15 U.S.C. §1601, et seq., *Truth in Lending Act* (hereinafter referred to as "TILA"), and the claim in Count Four under and by virtue of 49 U.S.C. 32710 et seq., *Motor Vehicle Information and Cost Savings Act* (hereinafter referred to as "MVICSA").

2.    At all times relevant hereto, the Defendant was acting as a creditor within the meaning of said term pursuant to the Act, 15 U.S.C. §1602(f), in that it regularly extended, or offered to extend, consumer credit for which a finance charge is or was imposed or for which four or more installments were due.

3.    Plaintiff is over the age of nineteen years and is a resident citizen of Shelby County, Alabama.   Defendant is a limited liability corporation engaged in the business of selling automobiles in Shelby County, Alabama.

## COUNT ONE

Violations of the Truth in Lending Act - 15 U.S.C. §1601, *et seq.*

4.    Plaintiff entered into a retail consumer credit contract on or about February 14, 2013, for the purchase of a 2004 Chrysler Pacifica.   A true and correct

copy of the contract document titled "Bill of Sale" is attached hereto and incorporated by reference as Exhibit "A".

5.   Attached hereto and incorporated as Exhibit B is what was given to Plaintiff as the Truth in Lending disclosure along with payment schedule.

6.   In Exhibit B, Defendant disclosed there was no Finance Charge and the Annual Percentage Rate was Zero.

7.   The Defendant violated TILA in connection with this consumer credit transaction as follows:

    a.   The amount of the Finance Charge was not accurately disclosed as required by 15 U.S.C. §1638 and Regulation Z §226.18;

    b.   The Annual Percentage Rate was not accurately disclosed to the Plaintiff in violation of 15 U.S.C. §1638, and Regulation Z §226.18;

    c.   The Amount Financed was not fully disclosed as required by 15 U.S.C. §1638, and Regulation Z §226.18;

    d.   The Defendant failed to make the required disclosures prior to the consummation of the contract in violation of 15 U.S.C. §1638(b), and Regulation Z §226.17(b);

  e.  The Defendant failed to make the required disclosures in violation of 15 U.S.C. §1632(a) and Regulation Z §226.17(a).

8. Plaintiff avers that the Retail Value for a similar vehicle in Excellent Condition at the time of purchase, according to the Kelly Blue Book, was $5,669.00.

9. Plaintiff avers that the difference between the Kelly Blue Book value and the Sale Price of $12,600.00, being $6,931 was the Finance Charge imposed upon her but not disclosed, and constitutes actual damages.

10. Plaintiff further avers that she detrimentally relied upon representations of the Defendant that no Finance charge was being assessed against her.

WHEREFORE, Plaintiff demands judgment against the Defendant for actual damages of at least $6,931.00, plus statutory damages in the amount of twice the Finance Charge but no less than $200 and no greater than $2,000.00, plus a reasonable attorney fee as required by TILA and controlling Eleventh Circuit case law, plus costs of court.

## COUNT TWO

Breach of Contract

11. After accepting delivery of the Pacifica, of which Defendant had

promised to repair the motor mounts as a condition of sale and before such repairs could be effected, a front strut exploded causing damage to the vehicle.

12. Plaintiff made demand that for full repairs caused by the defect that came with the vehicle. After Defendant failed to offer adequate cure, Plaintiff through counsel revoked acceptance by letter attached hereto as Exhibit C, and the Defendant through counsel (Exhibit D) agreed in writing that a full refund would be made at the time of delivery by Plaintiff.

13. Pursuant to *Code of Alabama,* §7-2A-608, §7-2A-711(1) & (3), Plaintiff effected a revocation of acceptance and cancellation of the contract, and retained by operation of law a security interest in the vehicle for full refund of all monies paid to Defendant.

14. Plaintiff avers that Defendant breached the settlement agreement by taking back the vehicle without fully refunding all amounts owed to Plaintiff, in the principal amount of $500.00.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant for $500.00 in compensatory damages, plus costs.

## **COUNT THREE**

Conversion

15. Plaintiff incorporates by reference the allegations set forth in Paragraphs 11 through 14 as if here again set forth.

16. Plaintiff avers that because Defendant took possession without fulfilling its duties under the UCC to effect a full refund, that Defendant committed the act of conversion of the goods in which Plaintiff held a security interest by operation of law. See *Cole v. First Bank of Tuscaloosa, 485 So. 2d 717; 1986 Ala. LEXIS 3457*.

17. Plaintiff avers that the conversion committed by Defendant was willful and Plaintiff demands punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, premises considered, Plaintiff demands judgment for compensatory and punitive damages in an amount to be determined by the trier of fact, plus costs of court.

## **COUNT FOUR**

Violations of the Motor Vehicle Information and Cost Savings Act

49 U.S.C. § 32701 et seq

18. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

19. As part of their routine course of business, Defendant provided Plaintiff with an "Odometer Disclosure Statement" certifying the accuracy of the odometer. The transfer of ownership date listed on the Odometer Disclosure Statement is certified and dated the same date the original Motor Vehicle Sales Contract is signed.

20. Defendant violated both state and federal laws that require Defendant to create a permanent public record on secure documents that disclose the odometer reading at the time of each sale.

21. By its conduct, Defendant willfully, with the intent to defraud, violated the MVICSA, also known as the "Federal Odometer Act" in one or more of the following respects:

   a. Defendant altered or caused to be altered the odometer of the automobile with the intent to change the number of miles indicated;

  b. Defendant, in making odometer disclosures, gave false statements to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4;

  c. Pursuant to 49 U.S.C. §32075, an odometer disclosure should have been created on the official title document for the sale of the automobile to the Plaintiff;

  d. Defendant has otherwise violated the MVICSA, or a regulation prescribed or order issued under the Act.

22. As a result of the above violations of the MVICSA, Defendant is liable to the Plaintiff for statutory damages, attorney's fees and costs, plus damages for mental anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award the greater of $10,000.00 in statutory damages or treble damages as set forth under 49 U.S.C. 32710(a), attorney's fees and costs of this proceeding, as well as punitive damages to deter such conduct in the future, and any other relief the Court deems just and appropriate.

## COUNT FIVE

### Fraud

23. Plaintiff hereby incorporates and adopts each of the above and foregoing allegations as if fully set forth herein.

24.     On or about February 14, 2013, the Defendant, Stallions Auto Sales, LLC, made misrepresentations of material fact which include but are not limited to the following:    1) that the mileage listed on the bill of sale and retail installment sales contract documents presented to the Plaintiff was true and correct;   2) that the Plaintiff would acquire a valid Alabama Certificate of Title to the vehicle;   3) That the mileage on the vehicle could be certified and was accurate; 4) That the vehicle did not have any known defects; 5)that the advertised cash price was the actual price that the plaintiff would pay for the automobile; 6) that the vehicle was safe to drive and had no major problems;   7) that the Truth in Lending disclosures including the interest rate, the term of the loan, and amount of payments, provided in the Pre-Computed Retail Installment Contract were accurate and correct; and, 8) that the title to the vehicle would transfer on the date Plaintiff signed the sales documents, and that the Defendant would promptly process the title application within ten days from the date of the sale.

25.     On or about February 14, 2013 until present day, the Defendant, continued to make said representations that it did nothing wrong, claiming that it would take the vehicle back and pay the plaintiff for all charges incurred by her.

26.     Said representations were false and the Defendant either (1) knew they were false and intentionally made them; or (2) recklessly made said representations without knowledge of their truth or falsity; or (3) innocently or negligently

misrepresented said facts causing the Plaintiff to reasonably rely upon them.

Furthermore, Defendant hid and suppressed the true nature of the condition of the vehicle, the actual mileage on the vehicle, the amount of interest, payments it intended to enforce, as well as its intent to withhold monies from the Plaintiff.

27. Plaintiff reasonably relied upon said representations by taking possession of the automobile, paying her down payment, and purchasing insurance in her name. Plaintiff also reasonably relied upon these representations by incurring expenses and costs consistent with exercising ownership rights in the vehicle and returning the vehicle

28. As a proximate result, the Plaintiff was caused to suffer loss of monies, loss of her vehicle, loss of use of her new vehicle, diminution in value, incidental and consequential damages, as well as severe mental anguish, emotional distress and anxiety.

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that the Court will award damages in an amount appropriate to compensate her for her loss of monies, loss of vehicle, incidental and consequential damages, severe mental anguish and emotional distress, punitive damages to deter said conduct in the future as well as costs of this proceeding and attorney's fees in an amount a jury may deem appropriate

## **COUNT SIX**

Negligence and Wantoness

29.  Plaintiff hereby incorporates and adopts each of the above and foregoing allegations and material averments as if fully set forth herein.

30.  Defendant owed the Plaintiff a duty not to be wanton/negligent in its conduct both before and after the sale of the vehicle.

31.  By its conduct the Defendant breached said duties to the Plaintiff and were wanton and/or negligent.

32.  As a proximate result, the Plaintiff was caused to suffer loss of monies, loss of the vehicle, incidental and consequential damages, as well as severe mental anguish and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff request that the Court will award damages in an amount appropriate to compensate her for her loss of monies, loss of vehicle, incidental and consequential damages, severe mental anguish and emotional distress, punitive damages to deter said conduct in the future as well as costs of this proceeding and attorney's fees in an amount a jury may deem appropriate.

## **COUNT SEVEN**

Negligent Hiring and Negligent Supervision

33.  The preceding paragraphs of this Complaint, and additional factual averments set forth in any subsequent sections of this Complaint, are deemed to be repeated and incorporated by reference in this Count.

34.  Defendant owed Plaintiff a duty of care and professionalism in the rendition of the services rendered and products sold, in training and supervising its employees to perform those services in full compliance with the laws of the State of Alabama, in not engaging or allowing its agents to engage in the wrongful practices herein alleged, in not suppressing or concealing such activities, or enabling its agents to do so, and in not terminating or otherwise disciplining those employees or agents known to have violated company policies, state laws or regulations by engaging in the misconduct herein alleged, or employees known to have suppressed material information or to have material misrepresentations to Plaintiff.

35.  Defendant owed duties to Plaintiff in putting forth loyal, honest, and fair dealing employees or agents who act in compliance with State laws regarding the placement of insurance, contractual and other obligations arising from the special or confidential relationship between the parties, Alabama statutes and regulations governing insurance industries, and Defendant's superior knowledge of those

respective industries, its practices, and Defendant's and their practices.

36. Defendant's negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct.

37. The Defendant, itself, and working collectively or as agents, breached the duties they owed to Plaintiff, and such breaches arise out of the negligent or wanton conduct of the Defendant and those who acted in concert or conspiracy with them or acted as their agents, servants or employees, and in the line and scope of their business and contractual and statutory and regulatory duties, to engage in material misrepresentation to Plaintiff in order to preserve and protect the financial interest of the Defendant and those who acted in concert or conspiracy with them.

38. Defendant knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees or agents, and knew or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public and to process claims fairly and in good faith. Defendant knew, or should have known, that its policies and practices in training, supervising, and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices were the actual and proximate cause of Plaintiff's injuries.

39. Plaintiff has incurred damages proximately caused by Defendant's negligence in training, supervising, and retaining its employees and/or agents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this honorable court will award her damages for her loss of monies, loss of use of automobile, loss of interest, incidental and consequential damages, severe mental anguish and emotional distress; as well as punitive damages to deter such conduct in the future plus attorney's fees and costs.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES**

Respectfully Submitted,

*/s/ Michael E. Parrish*
Michael E. Parrish
ASB-5747-S69M, PAR075
PARRISH & THEUS, LLC
1707 29th Court South
P.O. Box 590067
Birmingham, AL 35259-0067
Phone: 205 326 0026
Email: mike.parrish@parrish-theus.com

*/s/ Thomas C. Donald*
Thomas C. Donald
ASB-6795-A47D, DON041
Law Office of Thomas C. Donald, LLC
1707 29th Court South
Birmingham, AL 35209
Phone: 205 985 2309
Fax: 205 802 7083
Email: cdonald@donaldlawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2014, a copy of the foregoing has been filed via the CM/ECF electronic filing system which will provide notice to parties and attorneys of record, including Defendant's counsel of record as indicated below.

*/s/ Thomas C. Donald*
Thomas C. Donald

**Defendant's counsel of record:**

A. Joe Peddy
Smith, Spires & Peddy, P.C.
Suite 200
2015 Second Avenue North
Birmingham, AL 35203
ajp@ssp-law.com